```
                IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

               Plaintiff,
     vs.                              Case No. 04-40096-01-RDR

EDUARDO RODRIGUEZ-DELMA,

               Defendant.
_____
```

### MEMORANDUM AND ORDER

This order is issued to record the court's rulings upon issues raised during the sentencing hearing conducted on July 22, 2005. Defendant appeared for sentencing after pleading guilty to one count of conspiracy to possess with intent to distribute in excess of 100 kilograms of marijuana and one count of possession of a firearm during and in relation to a drug trafficking crime.

According to the presentence report, the guideline sentence for the conspiracy charge was 135 to 168 months. The firearm charge requires a 60-month sentence consecutive to the sentence on the conspiracy charge.

Defendant raised two objections which relate to the guideline sentence for the conspiracy charge. One objection concerned whether the offense level should be increased by 4 levels because of defendant's role in the offense. The other objection related to the amount of drugs involved in the offense

and relevant conduct.  <u>Role in the offense</u> - Under section 3B1.1 of the Guidelines, 4 levels are added to the base offense level if a defendant was an "organizer or leader" of a criminal activity that involved 5 or more participants.  The court decided that this enhancement was justified.  The court considered such factors as:

> "the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a large share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1, Application Note 4.  It is undisputed that more than five persons were involved in the criminal activity in this case.  These persons included:  defendant, Julie Ann Plummer; Chinte Rodriguez; Pedro Morales; Ignacio Cuevas; Gary Mathews; Heather Shaw; Billie Joe Pike; and Pedro Mariscal-Regalado.  It is undisputed that defendant recruited persons to transport marijuana from Mexico to Kansas.  It is undisputed that defendant stored the marijuana when it reached Kansas.  It is undisputed that defendant paid persons such as Plummer and Pike for transporting drugs.  It is undisputed that defendant purchased vehicles and arranged for the vehicles to be registered in the names of different persons to facilitate the transportation of drugs.

Thus, defendant exercised decision-making authority.  He recruited accomplices.  He participated substantially in planning and organization.  He controlled the location and storage of the drugs.

Defendant asserted:  that the criminal enterprise was relatively small; that it did not require extensive planning or preparation; and that there was no evidence of the relationship and relative responsibility of defendant and Pedro Morales.

These arguments did not persuade the court that a role enhancement was unjustified.  It is clear that the offense did require significant planning.  Defendant was obviously one of the organizers and leaders, if not the only one.  The size of the criminal enterprise was not so small as to exclude defendant from this role adjustment.

Finally, the court acknowledged that the government did not advocate the enhancement.  The undisputed facts in the presentence report, however, justified the "organizer/leader" adjustment in the court's opinion.

Therefore, defendant's objection regarding this adjustment was denied.

Drug quantity/relevant conduct

The court carefully considered the presentence report and the evidence presented regarding the amount of marijuana and

cocaine involved in this case.  In considering this material, the court was mindful that the government need only prove a reasonable approximation of drug quantity by a preponderance of the evidence.  U.S. v. Higgins, 282 F.3d 1261, 1280 (10th Cir. 2002).  Nevertheless,

> the estimate used to establish the offense level under the Guidelines must have some basis of support in the facts of the particular case and must have sufficient indicia of reliability.  When choosing between a number of plausible estimates of drug quantity, none of which is more likely than not the correct quantity, a court must err on the side of caution.  The need to rely on an estimate is not a license to calculate drug quantities by guesswork.

Id. (citations omitted).

In the sentencing hearing, the evidence presented by the government did not dispute defendant's contention that the amount of marijuana in this case was between 200 and 400 kilograms.  Therefore, the court adopted this estimate.  The court further concluded that the evidence in support of the cocaine figure used in the presentence report was not reasonable or reliable.  That estimate was not corroborated by the search of defendant's residence or by similar estimates by other persons involved in this case.  Nor were there statements in the evidence that defendant was involved in the sale of cocaine.  Therefore, the court did not consider the estimate of cocaine contained in the presentence report.  By and large, defendant's

objection to the drug quantity estimate in the presentence report was granted.

Conclusion

The court concluded that defendant's offense level under the Guidelines was 27, his criminal history category was III, and the sentencing range on Count 6 was 87 to 108 months. The court sentenced defendant to 87 months on Count 6 with a consecutive sentence of 60 months on Count 8. Defendant was also given a 4-year term of supervised release. The court recommended that defendant serve his sentence in a facility close to Topeka, Kansas. The court further recommended that defendant be permitted to participate in the 500-hour drug counseling program.

This sentence conforms with the Sentencing Guidelines. The court also believes it is sufficient but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553. A copy of this order shall accompany any copy of the presentence report transmitted to the Bureau of Prisons.

**IT IS SO ORDERED.**

Dated this 25th day of July, 2005 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge